HIRAM A. CRANE v. FITZLAND L. WILSON ET AL.

*Sale—Time of delivery—Waiver.*

Where a contract for the sale of logs expressly limits the time of delivery to a certain season, the vendor cannot, in the absence of an acceptance of the logs or a waiver of the time fixed for their delivery, insist upon the vendees taking them at a later date, and, if the evidence as to such acceptance or waiver is conflicting, the question is for the jury.

Error to Bay. (Cobb, J.) Submitted on briefs May 9, 1895. Decided May 28, 1895.

*Assumpsit.* Defendants bring error. Reversed. The facts are stated in the opinion.

*L. E. Joslyn (H. H. Hatch,* of counsel), for appellants.

*Pratt, Van Kleeck & Gilbert,* for plaintiff.

LONG, J. Plaintiff and one Hart entered into a written contract with the defendants, as the Wilson Hoop Company, to "deliver in the boom limits of the Bay View Boom Company, below M. Haggerty's boom," one to three hundred thousand feet of elm logs, 12 inches in di^meter and upwards. The logs were to be banked at a certain place mentioned in the contract. The contract provided that, in consideration of the faithful performance of the agreement, the Wilson Hoop Company was to pay to Hart & Crane $6.50 per 1,000 feet, as follows: $2.75 when the logs were delivered on the bank, and $3.75 when the logs were delivered in the Bay View boom, rafted in good shape, as provided above. The contract provided, as to time of delivery, as follows:

"The party of the first part further agrees to run said

logs down to the boom just as early as possible in the spring of 1891; if possible, before or ahead of the drive."

The contract was assigned to the plaintiff in this suit. He claims to have delivered on the bank 111,188 feet of contract logs; that, after they were scaled, all were rafted that defendants furnished chain dogs for; that they were run to the Bay View boom, the greater part in 1891; that those not run remained in the jam the following winter, and were run the next season; that he had received $2.75 per 1,000, according to the contract, for 111,188 feet; and that the balance of the contract price was still due. This action is brought to recover such balance. On the trial, defendants contended that under the contract they were not bound to receive the logs delivered after the season of 1891; that the logs were for manufacture into hoops, and must be green timber; that the logs remaining over the season exposed to the sun were spoiled for hoops; and that the contract limited the time in which they were to be received to the season of 1891.

The court charged the jury that—

"If the logs came down, and were delivered to the defendants, in the boom company limits and below Haggerty's boom, either in the year 1891 or 1892, they would be bound to take them. * * * They would be bound to pay for them, whether they took them or not, if they were put down there for them."

This raises the only question which we need discuss. The contract, in very plain terms, limits the time of delivery to the season of 1891. It is true that if an agreement calls for delivery by a certain time, and delivery is not made by such time, a subsequent delivery will be binding, provided the party to whom the delivery is to be made accepts and retains the property, as such acceptance is a waiver of the terms of the contract, so far as the time is concerned, and is evidence of a new contract, fixing a different time; and it is true that the plaintiff claimed that the defendants did accept delivery at a time later than the time mentioned in the contract. But this

was in dispute between the parties, as the defendants contended that they had not accepted them. The testimony was conflicting on this point. The court, however, explicitly instructed the jury that the defendants were bound to take them, even if not delivered until the year 1892. It was a question of fact, for the jury to determine, whether there was an acceptance of the logs of 1892. If there was no such acceptance, or waiver of the time of delivery, then, under the terms of the contract, the plaintiff could not insist upon the defendants taking the logs of 1892. The court was in error in the charge. The parties had reduced their contract to writing, and must be bound by its terms.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.